UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DEL CORP** | **CASE NO. 6:23-CV-00936** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **LYNX PRESSURE SOLUTIONS LLC ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is Defendant, Ken Stevens's, Motion to Dismiss pursuant to F.R.C.P. Rule 12(b)(2) (Rec. Doc. 15). Plaintiff, DEL Corporation, opposed the motion (Rec. Doc. 19), and Stevens replied (Rec. Doc. 22). The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Stevens's motion be denied.

## Facts and Procedural History

DEL filed this suit in state court against Lynx Pressure Solutions, LLC and Stevens to recover for the loss of its industrial equipment, a Sandcat Total Clean Flowback System, in a March 1, 2023 fire at a well location in Garden City, Texas. (Rec. Doc. 1; 1-1). DEL alleges it leased the Sandcat to Lynx through a Master Lease

Agreement ("MLA") which Stevens signed as a guarantor. (Rec. Doc. 1-1, p. 1-16). Lynx and Stevens removed the case on the grounds of diversity. Lynx is a limited liability company with citizenship in New Mexico, Florida, Texas, and Colorado (Rec. Doc. 12), and Stevens is a citizen of New Mexico (Rec. Doc. 13). Stevens now moves to dismiss DEL's claims against him for lack of personal jurisdiction.

## Law and Analysis

F.R.C.P. Rule 12(b)(2) is the vehicle by which a non-resident defendant may challenge the court's personal jurisdiction over him. DEL, as the plaintiff, bears of the burden of demonstrating jurisdiction by presenting facts sufficient to constitute a *prima facie* case of jurisdiction. *Johnson v. TheHuffingtonPost.com, Inc.,* 21 F.4th 314, 317 (5th Cir. 2021), *cert. denied,* 143 S. Ct. 485, 214 L. Ed. 2d 277 (2022); *Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 380 (5th Cir.2003). In determining whether jurisdiction exists, the court must accept the plaintiff's uncontroverted, non-conclusory allegations of fact. *Johnson*, 21 F.4th at 317. The court is not required to credit conclusory allegations, even if left uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868-69 (5th Cir. 2001).

**I.      Whether the MLA forum selection clause waives Stevens's objection to personal jurisdiction.**

Initially, DEL contends that the MLA contains the following forum selection clause which precludes Stevens from objecting to jurisdiction:

2

> The parties agree that the proper venue for any legal disputes under this Agreement shall be the 15th Judicial District Court … or the U.S. District Court, Western District of LA[.] The parties consent to personal jurisdiction of said courts.

(Rec. Doc. 1-1, p. 12).

Although a valid forum selection clause constitutes a contractual waiver of personal jurisdiction (see *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 768 (5th Cir. 2016), DEL has not shown that Stevens, personally, was a party to the MLA containing the forum selection clause. The MLA bound DEL as the lessor and Lynx as the lessee. The fact that Stevens was identified in the MLA as an authorized representative of Lynx does not render him a party to the contract. Thus, DEL's initial argument fails.

### II.     **Whether the Court has personal jurisdiction over Stevens.**

In determining whether personal jurisdiction is proper, a district court sitting in diversity, as in this case, applies the law of the forum state in which it sits. Fed. R. Civ. P. 4(e). The Louisiana Long-Arm Statute provides that this Court may exercise personal jurisdiction over any nonresident so long as the basis for such jurisdiction is consistent with the United States Constitution. Fed. R. Civ. P. 4(e). Consequently, the limits of the Louisiana Long-Arm statue are coextensive with the limits of constitutional due process. *Alonso v. Line*, 02-2644 (La. 05/20/03), 846 So.2d 745, *cert. denied*, 540 U.S. 967 (2003); *Petroleum Helicopters, Inc. v. Avco Corp.*, 513 So.2d 1188, 1192 (La. 1987). This Court need only determine whether

subjecting Stevens to suit in Louisiana would be consistent with the Due Process Clause of the Fourteenth Amendment. See, e.g., *Walk Haydel & Associates, Inc. v. Coastal Power Production Co.*, 517 F.3d 235, 242-43 (5th Cir. 2008).

The exercise of personal jurisdiction over a nonresident defendant satisfies due process when: (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing minimum contacts with that state, and (2) the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir.1999). In other words, due process is satisfied when the defendant's connection with Louisiana is such that the defendant should reasonably anticipate being haled into court in Louisiana. *Id*.

Minimum contacts may give rise to either specific jurisdiction or general jurisdiction. DEL relies upon specific jurisdiction as the basis for jurisdiction over Stevens. Specific jurisdiction applies when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities. *Walk Haydel*, 517 F.3d at 243. Whether specific jurisdiction exists is a three-step inquiry. First, the court must determine whether the defendant has minimum contacts with the forum state or, in other words, whether the defendant has purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there. *Nuivo*

4

*Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir.2002). Random, fortuitous, or attenuated contacts are insufficient. *Moncrief Oil Int'l v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir.2007). Second, the court must determine whether the plaintiff's cause of action arises out of or results from the defendant's contacts with the forum. *Nuivo Pignone*, 310 F.3d at 378. Finally, if the plaintiff satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that the forum state's exercise of jurisdiction would be unfair or unreasonable. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir.2006).

  DEL did not present any evidence that Stevens personally reached out to DEL in Louisiana to lease a Sandcat. (See DEL CEO affidavit at Rec. Doc. 19-1). Rather, DEL provided email correspondence between DEL's CEO, Robert Kulbeth, and Stevens regarding payments of invoices, at least some of which concerned a different Sandcat involved in an unrelated 2021 fire. (*Id*.) Correspondence alone is insufficient. *Hydrokinetics, Inc. v. Alaska Mech., Inc.,* 700 F.2d 1026, 1029 (5th Cir. 1983) (As for the exchange of communications between Texas and Alaska in the development of the contract, that in itself is [] insufficient to be characterized as purposeful activity invoking the benefits and protections of the forum state's laws.").

  Otherwise, DEL's sole grounds in support of Stevens's purported minimum contacts is that Stevens was the guarantor for Lynx's MLA. The Fifth Circuit has

considered two pertinent cases on whether a non-resident guarantor may be subject to jurisdiction. DEL relies upon *Marathon Metallic Bldg. Co. v. Mountain Empire Const. Co.,* 653 F.2d 921, 923 (5th Cir. 1981), in which the court found a non-resident guarantor subject to jurisdiction. In that case, Marathon, a Texas entity, sued Mountain Empire and Mountain Empire's corporate officer, Ginther, a Colorado resident. In finding jurisdiction, the Court reasoned that Ginther's "guaranty plainly contemplated advances of credit to Ginther's corporation," the guaranty had been immediately sent to Texas, Ginther's corporation had subsequently entered into credit transactions with Marathon, "[t]he effect of such a guaranty [wa]s to involve Mr. Ginther in each such advance of credit over many months and purposefully to cause business activity, foreseeable by Mr. Ginther, in [Texas,]" and the general contract stipulated that it would be governed by the laws of Texas. *Id*. at 923. The general contract pursuant to which this was done, issued and sent a few weeks after the guaranty, specifically stipulated that it would be governed by the laws of Texas. The court defined Ginther's act of guaranty as "purposeful and affirmative action, resulting in, at the least, a minimum contact with Texas." *Id*. In applying the second prong, the court found:

> Texas has an interest in providing a forum for this litigation over a contract that produced substantial business activity in Texas, with consequent extensions of credit, and that requires the application of Texas law. Nor do we ascertain any want of equity in requiring Mr. Ginther to respond in Texas to an action on a warranty that he voluntarily signed, that he must have known was forwarded to a Texas

6

corporation, and which invited that corporation's reliance on it as a basis for credit sales, made in Texas, to a corporation in which he had a substantial economic interest.

*Id*.

Stevens urges the Court to analogize this case to *Gulf Coast Bank & Tr. Co. v. Designed Conveyor Sys., L.L.C.,* 717 F. App'x 394 (5th Cir. 2017) where the court declined to exercise jurisdiction over a foreign guarantor.[1] In *Gulf Coast*, the non-resident defendant, DCS, contracted with a non-party, Vinex, for a project in Colorado. Vinex entered into a receivables purchase agreement with Gulf Coast, whereby Gulf Coast acquired Vinex's receivables due from DCS. *Id.* at 400. In distinguishing the facts from *Marathon*, the court reasoned:

> First, the defendants in *Marathon* sent the guaranty on their own accord rather than in response to a request from the plaintiff, as was done here. Second, the contemplated result of the advancement of the guaranty in *Marathon* was to purchase and take title of merchandise in the forum state, whereas the purpose of DCS's acknowledgment was to generate funds for work in a different state (Colorado) from the forum (Louisiana). Third, the guarantors in *Marathon* actually agreed to be bound by specific terms rather than merely acknowledging that an invoice owed to a third party was valid and free of defenses, as here. Accordingly, *Marathon* does not support the existence of minimum contacts for specific jurisdiction here.

---

[1] Stevens also argues that DEL has not presented evidence of a valid surety agreement. The Court is unpersuaded by this argument. Stevens, as the representative of Lynx, signed the MLA, which included a three paragraph *Payment Guaranty* provision, and simultaneously signed as a guarantor. Regardless of whether the guaranty is legally enforceable under applicable law, the fact that the parties *intended* to create a surety/guaranty relationship is the key consideration for purposes of personal jurisdiction in this instance.

*Id*.

The Court finds that the facts of this case are more in accord with *Marathon* than *Gulf Coast* and that Stevens's signature as a guarantor of his company is sufficient to constitute minimum contacts. As in *Marathon*, the MLA in this case, which explicitly designated this Court as a proper forum, included an open-ended guaranty. (Rec. Doc. 1, p. 12-14). Though the well site was in Texas, the MLA called for loading and unloading of the Sandcat at the DEL facility in Louisiana. (Rec. Doc. 1-1, p. 9). Unlike *Gulf Coast* wherein the non-resident defendant's, DCS's, only communication with Gulf Coast was an acknowledgment that DCS owed an invoice amount to Gulf Coast's client, Vinex, in this case Stevens was an intimate participant in the contractual process. See also *Consol. Companies, Inc. v. Kern*, No. CIV.A. 99-2704, 2000 WL 1036186, at *5 (E.D. La. July 25, 2000) ("The Court also notes that, by its very nature, a guaranty symbolizes the willingness of the guarantor to 'stand in the shoes' of the guaranteed company or individual. A guaranty would be worthless if the guarantor could not be held responsible for the guaranteed obligations.").

Stevens, on behalf of his company, Lynx, engaged with DEL, a Louisiana company, to lease a Sandcat, which lease was memorialized in an agreement calling for loading and unloading, as well as venue, in Louisiana. Likewise, as in *Marathon*, Louisiana has a substantial interest in DEL's local business generated and Stevens

should reasonably have expected the possibility of litigation in Louisiana. Accordingly, the Court finds that the first two prongs of the specific jurisdiction inquiry are satisfied. Therefore, the burden shifts to Stevens to show that the exercise of jurisdiction would be unfair or unreasonable. Stevens makes no such showing and has thus failed to overcome the presumption of jurisdiction.

## Conclusion

For the reasons discussed herein, the Court recommends that Defendant Ken Stevens's Motion to Dismiss (Rec. Doc. 15) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d

1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 28th day of September, 2023.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE